### CORNELIA AUTENREITH V. OTTO F. AUTENREITH.

1. MEANING OF WORDS "JUDGMENT OR ORDERS."

The words "judgment or orders" as used in section 5354, should have the
same meaning as when used in section 6707 and 6708, Revised Statutes, where
it is provided in what cases error will lie to reverse a judgment or final
order.

2. PROCEEDING IN ERROR PREMATURELY BROUGHT.

Where, by the transcript of a case, it nowhere appears that a final judgment or
order has been entered in the case, such case cannot be brought into the circuit
court, before it is finally determined, or a final judgment or order is made
in the common pleas court.

HEARD ON ERROR.

SMITH, J.

The plaintiff in error claims that the court of common pleas at the
April term, 1894, of that court, on a motion filed at that term, set aside a
judgment rendered in her favor against the defendant at the preceding
January term, and that this was not done under the sections of our code,
which authorizes courts to vacate or modify their own judgments or orders
after the term at which they were made. See section 5354 and *post.*

The transcript of the journal entries shows that the defendant below,
the defendant in error, was in default for answer in the original action
which was one for the recovery of specific personal property, and for
$1,000.00 damages for its detention on March 3, 1894. On March 10,
1894, an entry was made that the defendant being in default for answer,
or demurrer, the court finds that the allegations of the petition are con-
fessed by him to be true, and that the plaintiff is entitled by reason of
the promises to recover her damages from the said defendant, and on
motion of the plaintiff it is ordered that the case be sent to a jury to as-
certain and assess the same. On March 29, at the same term, an answer
was filed by the defendant denying all the allegations of the petition.
On April 24, 1894, at the April term, a motion was filed to strike this
answer from the files, and on May 9, of that term, the court found that
it was filed after a judgment by default and an order to assess damages

had been rendered, and was filed without leave of the court, and it was ordered to be stricken from the files. On May 9, the defendant filed a motion to set the judgment aside and to allow him to file his answer, and on June 5, the court found that the entry of judgment on March 10, was irregular, and set it aside, and the defendant was allowed to file his answer, to which ruling plaintiff excepted, and moved to set aside said last order, which the court on September 29, overruled, and plaintiff again excepted. Nothing further appears to have been done in the case in the common pleas court.

If the order or judgment of March 10, 1894, was such a final order or judgment as must be vacated or modified by the court which rendered it, only under the provision of sections 5354 and *post*, it would seem that in this case the requirements of these sections were not complied with, and the contention of plaintiff in error, would be well founded, viz.: that the court at a subsequent term, on a motion filed at that term, and the proceedings in which did not conform to the provisions of the statute, could not properly set aside a judgment rendered at a previous term. But we greatly doubt whether this entry of March 10, 1894, was such a judgment or order as is contemplated by these sections. It simply stated that the defendant was in default for answer or demurrer, and that by reason thereof the plaintiff is entitled to recover damages from the defendant, to be ascertained by a jury, and orders it sent to a jury for this purpose.

But there is no judgment rendered in favor of plaintiff against the defendant for anything. It is not adjudged that she is entitled to the possession of the property sued for, or that she shall have judgment for any amount of damages or for costs. It seems to be merely a mode of sending the case to a jury for trial. If it had been so tried and a judgment entered on the verdict at the March term, it could not have been vacated or modified as was done in this case at the succeeding term. But we think the words, "*judgment or orders*," as used in section 5354, should have the same meaning as when used in sections 6707 and 6708, Revised Statutes, where it is provided in what cases error will lie to reverse a judgment or final order.

But, however this may be, it appears that no final judgment or order has ever been entered in this case. So far as it appears from the transcript, it is still pending in that court, undisposed of. The plaintiff at the trial may get all the relief she claims in her original petition. But whether she will or not, does not justify her in bringing the case into this court, before it is finally determined, or a final judgment or order made in the common pleas. The proceeding in error is prematurely brought and will be stricken from the files.

*David Stuart Hounshell*, for **Plaintiff.**

*Shay & Cogan, Contra.*